UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60990-SCOLA/SELTZER

TARIKU KEIRA and
REGINA TURNER,

    Plaintiffs,

vs.

JOHN BERRY,
Director in and for the United States
Office of Personnel Management;
FEDERAL EMPLOYEES' GROUP
LIFE INSURANCE COMPANY; and
METROPOLITAN LIFE INSURANCE
COMPANY,

    Defendants.
_____/

ORDER

THIS CAUSE is before the Court on *pro se* Plaintiffs' Motion and Request this Court to Bring Defendant MetLife into Material Compliance with all Federal Rules of Civil Procedures, Etc., in Regards to Plaintiffs['] Taking or Conducting Live Depositions from Defendant Witnesses Prior to Date of Trial (DE 25) and Defendant MetLife's Motion to Strike Motion and Request this Court to Bring Defendant MetLife into Material Compliance with all Federal Rules of Civil Procedures, Etc., in Regards to Plaintiffs['] Taking or Conducting Live Depositions from Defendant Witnesses Prior to Date of Trial (DE 28).[1]

---

[1] The Court notes that neither party complied with this Court's Local Rule 7.1(a)(3) conferring requirements before filing their respective motions. Local Rule 7.1(a)(3) requires that before filing any motion in a civil case (with certain exceptions not applicable here) the movant must confer or attempt to confer with the party against whom the motion is to be brought and make a good faith attempt to resolve the dispute. The Rule further requires that the movant include in a motion a certification stating either that they have

These matters were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida (DE 10).

Plaintiffs take issue with Defendant Metropolitan Life Insurance Company's (MetLife's) Statements in Section K ("Other Information) of the parties' Joint Discovery Plan and Scheduling Conference Report ("Joint Discovery Plan") (DE 26). In the Joint Discovery Plan, Plaintiffs reserved the right to recover $250,000 from Defendant MetLife "in the event named defendant (Metlife) fails to literally and or materially provide and make available, namely, live human person(s) . . . ." Joint Discovery Plan, Section K at 5 (DE 26). Plaintiffs then listed certain persons they wish to depose and stated that all such depositions are to be taken only in Fort Lauderdale, Florida, "with plaintiffs physically remaining in Fort Lauderdale, Florida, while conducting or taking live depositions from named witnesses either **telephonically or face-to-face live depositions**." Id. at 5-6 (emphasis in original). In the Joint Discovery Plan, Defendant MetLife disagreed with Plaintiffs' statement, noting that the scope and coordination of discovery is to be governed by the Federal Rules of Civil Procedure and this Court's Local Rules; Defendant also reserved the right to object to the deposition of any prospective witness listed by Plaintiffs.

Rather than file a response, Defendant MetLife moved to strike Plaintiffs' Motion as an "immaterial and impertinent pleading," pursuant to Federal Rule of Civil Procedure 12(f).

---

conferred and have been unable to resolve the issues raised in the motion or that they made reasonable efforts to confer and have been unable to do so and setting out with specificity the attempts made. Failure to comply with the requirements of the Rule may be cause for the Court to grant or deny the motion and to impose sanctions. The parties are advised that if they fail to comply with Local Rule 7.1(a)(3) in the future, the Court may summarily deny the underlying motion without considering the merits.

Rule 12(f) authorizes a court to "strike from a pleading . . . any redundant immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Pursuant to Federal Rule of Civil Procedure 7(a), "pleadings" consist of only: a complaint, an answer to a complaint; an answer to a counterclaim; an answer to a crossclaim; a third party complaint; and a reply to an answer (if the court orders one). Accordingly, numerous courts in the Eleventh Circuit, and elsewhere, have held that a motion to strike filings that are not pleadings (as defined by Rule 7(a)) is improper. See, e.g. Jallali v. Am. Osteopathic Ass'n, No. 11-60604-CIV, 2011 WL 2039532, at *1 (S.D. Fla. May 25, 2011) (Cohn, J.) (denying motion to strike language from motion to dismiss because "motions are not pleadings within the definition of Rule 7(a)); Santana v. RCSH Operations, LLC, NO. 10-61376-CIV, 2001 WL 690174, at *1 (S.D. Fla. Feb. 18, 2011); Croom v. Balkwall, 672 F. Supp. 2d 1280, 1285 (M.D. Fla. 2009) ("Generally, a motion to strike is limited to matters contained in the pleadings."); Holyoak v. United States, No. CV 08-8168-PHX-MKM, 2009 WL 1456742, at *1 (D. Ariz May 21, 2009) ("Rule 12(f) cannot serve as the procedural vehicle for striking language in motion papers."); Inter-Tel, Inc. v. West Coast Aircraft Eng'r, No. 8:04CV-02224-T-17MSS, 2005 WL 2431267, at *2 (M.D. Fla. Oct. 3, 2005) ("This Court has consistently held that Rule 12(f) provides only for the striking of pleadings, not motions."); McNair v. Monsanto Co., 279 F. Supp. 2d 1290, 298 (M.D. Ga. 2003) ("In this circuit, the use of a rule 12(f) motion for the advancements of objections to an affidavit filed in support of a motion is generally considered improper."); Morroni v. Gunderson, 169 F.R.D. 168, 170 (M.D. Fla. 1996) (denying motion to strike a motion because a "motion is

not a pleading and thus a motion to strike a motion is not proper.").[2]  Yet, even were the Court to find that Defendant MetLife's Motion to Strike is a proper vehicle to challenge Plaintiffs' Motion, the Court does not find that Motion so impertinent and immaterial as to require its striking, particularly given Plaintiffs' *pro se* status and given that motions to strike are disfavored.  See Jallali, 2011 WL 2039532, at *1 ("A motion to strike is a drastic remedy, which is disfavored by the courts.") (internal quotation marks and citations

---

[2]  As one district court recently observed: "The Eleventh Circuit cases considering motions to strike are not entirely clear." Morris v. Precoat Metals, No. 2:11-cv-0053-SLB, 2013 WL 830868, at *2 n.3 (N.D. Ala. Mar. 4, 2013).  The Morris Court explained:

> On the one hand, when referring to a motion to strike an affidavit submitted in support of a motion for summary judgment, the court has noted in a footnote that "motions to strike are only appropriately addressed towards matters contained in the pleadings. . . ." Polite v. Dougherty Cnty. Sch. Sys., 314 F. App'x 180, 184 n.4 7 (11th Cir. 2008).  On the other, it has routinely affirmed district court rulings considering motions to strike.  See, e.g., Saunders v. Emory Healthcare, Inc., 360 F. App'x 110, 112-13 (11th Cir. 210) (affirming district court's partial grant of motion to strike unauthenticated evidence attached to summary judgment response); Reese v. Herbert, 527 F.3d 1253, 1265, 1274 (11th Cir. 2008) (affirming district court's grant of motion to strike affidavit, but referring to it as the "decision to exclude [the] affidavit" and "the disallowance" of the affidavit); Barron v Fed. Reserve Bank of Atlanta, 129 F. App'x 512, 519-20 (11th Cir. 2005 (reviewing district court's denial of motion to strike evidence based on other grounds and concluding that "it did not abuse its discretion indenying the motion to strike"); see also Ouachita Watch League v. Jacobs, 463 F.3d 1163, 1170-71 (11th Cir. 2006) (entertaining but denying motion to strike evidence for other reasons).  Accordingly, it appears that the Eleventh Circuit generally permits motions to strike documents other than just pleadings, so long as it is an evidentiary matter.

Id.  Defendant here, however, is not attempting to strike a motion to compel that pertains to any evidentiary matter.

omitted).  Nonetheless, in ruling on Plaintiff's Motion, the Court will consider Defendant's arguments.

Turning to the merits of Plaintiffs' Motion, the Court finds nothing improper in Defendant's Statement in response to Plaintiffs' Statement in the Joint Discovery Plan. Defendant merely stated its position, which it is entitled to do.  Moreover, to the extent that Plaintiffs seek to have this Court compel Defendant MetLife to comply with Federal Rules of Civil Procedure 29(a) and 30(a)(1), the Motion is not well-taken.  Rule 29(a) provides that the parties <u>may</u> stipulate as to the person before whom a deposition is to be taken, as well as to the time, place and manner of taking such deposition.  Rule 30(a)(1) merely authorizes a party to depose any person, including a party, without leave of court (up to ten depositions).[3]  The record does not reflect that Plaintiffs have scheduled any deposition nor that they have requested Defendant MetLife to stipulate as to the matters permitted by Rule 29(a).  Moreover, Rule 29(a) is permissive; it does not require a party to enter into any stipulation.  Simply stated, Defendant MetLife has not violated any Rule.  Plaintiffs are free to take depositions in accordance with the Federal Rule of Civil Procedure and this Court's Local Rules.

Based on the foregoing, it is hereby ORDERED that Plaintiffs' Motion and Request this Court to Bring Defendant MetLife into Material Compliance with all Federal Rules of Civil Procedures, Etc., in Regards to Plaintiffs['] Taking or Conducting Live Depositions from Defendant Witnesses Prior to Date of Trial (DE 25) and Defendant MetLife's Motion to Strike Motion and Request this Court to Bring Defendant MetLife into Material

---

[3] Rule 30(a)(2)(A)(i) requires a party to obtain leave of court to take more than 10 depositions, unless the parties otherwise stipulate.

Compliance with all Federal Rules of Civil Procedures, Etc., in Regards to Plaintiffs[']  Taking or Conducting Live Depositions from Defendant Witnesses Prior to Date of Trial (DE 28) are both DENIED.

DONE AND ORDERED in Fort Lauderdale, Florida, this 26th day of September 2013.

_____
BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record

Tariku Keira
Regina Turner
3911 NW 32nd Terrace
Lauderdale Lakes, FL  33309